UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERROL MEDINA, | ) | CIVIL ACTION NO. 1:21-CV-881 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| JEFFREY RIECH, *et al.,* | ) | |
| Defendants | ) | |

<u>MEMORANDUM OPINION</u>

I.     INTRODUCTION

Errol Medina ("Plaintiff") initiated this *pro se* civil rights complaint against eight Defendants located in Lancaster County, Pennsylvania. According to Plaintiff's amended complaint, the matters complained of occurred exclusively in Lancaster County, Pennsylvania.

Lancaster County, Pennsylvania is located within the venue of the United States District Court for the Eastern District of Pennsylvania, 28 U.S.C. §118. Therefore, this case will be transferred to the United States District Court for the Eastern District of Pennsylvania for further proceedings.

II.     BACKGROUND & PROCEDURAL HISTORY

On May 13, 2021, Plaintiff initiated this action by lodging a sparse complaint that did not identify where the complained of events occurred. (Doc. 1). Plaintiff simply alleged that "the Defendant violated the Plaintiff's 14th Amend Rights under the color of law." (Doc. 1, p. 1).

On December 17, 2021, the Court granted Plaintiff's request for leave to proceed *in forma pauperis*. (Doc. 4). On the same day, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 4). In its order screening Plaintiff's Complaint, the Court advised Plaintiff that, as written, his Complaint would be subject to dismissal for failure to state a claim. *Id.* The Court also afforded Plaintiff an opportunity to submit an amended complaint before recommending dismissal. *Id.*

On February 1, 2022, Plaintiff filed an amended complaint and supplement. (Docs. 5, 6).[1] In his Complaint and Supplement, Plaintiff names the following Defendants:

(1) Jeffrey Riech, Lancaster County Court of Common Pleas Judge;

(2) Rebecca Chevraunt, Plaintiff's children's grandparent's lawyer;

(3) George Graybill, Plaintiff's children's grandparent;

(4) Mary Graybill, Plaintiff's children's grandparent;

(5) Michael Pyle, Principal at Baron Elementary School;

(6) Joel Yanello, Lancaster County Children and Youth Services;

(7) Lancaster County; and

(8) Manheim Central School.

---

[1] The supplement (Doc. 6) is one page and adds one additional Defendants not listed in the Amended Complaint (Doc. 5)—Manheim Central School District.

Plaintiff wrote his Amended Complaint on a pre-printed civil rights complaint form. When asked to identify the nature of his § 1983 claim, Plaintiff wrote "5th, 6th, 7th, 8th, 9th, 14th." (Doc. 5, p. 4).

When asked to explain how each Defendant acted under color of state law, Plaintiff wrote:

> The defendants Riech, Chevraunt, Michael Pyle, George & Mary Graybill, acted in concert to take the Plaintiffs children by withholding them and conspiring with each other to subvert and misuse the court system by knowingly offering and accepting perjured testimony.
>
> Joel Yanello & CYS denied the defendants due process rights by failing to treat the Defendants equally . . . .

(Doc. 5, p. 5).[2]

When asked to identify the facts underlying his legal claims, Plaintiff wrote:

> Upon information and belief, Rebecca Chevraunt, an attorney who has bragged about having a relationship with Judge Riech and wielding power to influence Judge Riech via ex parte communications, was hired by George & Mary Graybill to legalize the abduction of my children.
>
> Michael Pyle, Principal of the children's school, refused to give the children to the parents, locking the school down and made a phone call which produced a court order giving the grand parents custody.
>
> The court was in such a rush to issue the order at Michael Pyle's request, that it was issued during lunch and forgot about the children's rights to see the parents, so a supplemental order had to be issued.
>
> The parents/plaintiffs had just left court about an hr earlier and Judge Riech said his decision could take the normal 6weeks to be made.

---

[2] The end of this passage was cut off.

Case 1:21-cv-00881-WIA Document 7 Filed 08/17/22 Page 4 of 7

> There was no CYS emergency petition and if the court felt it was such an emergency to take the children it could have issued the order in court and handed it to the . . . .

(Doc. 5, p. 5).[3] Plaintiff alleges that, as a result of this wrongful conduct, his children were taken on September 18, 2018, his reputation was damaged by the Graybill's slander and the state court's validation of that slander. (Doc. 5, p. 6).

As relief, Plaintiff requests:

> I want the court to order the return of my children. I want the court to award me my legal fees and $25 Million from each defendant in punitive damages to ensure Defendants never engage in their acts again. I also want a criminal investigation opened against the defendants for violating my civil rights, filing false statements and perjury.

(Doc. 5, p. 6).

III.     ANALYSIS

Section 1391(b) of Title 28 of the United States Code provides, in relevant part that:

> A civil action may be brought in—
>
> (1)   a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or
>
> (3)   if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in

---

[3] The end of this passage was cut off.

Page 4 of 7

which any defendant is subject to the court's personal jurisdiction with respect to such action.

In his amended complaint, Plaintiff names eight Defendants. Six of those Defendants are individuals who, according to the amended complaint, are located in Lancaster County, Pennsylvania. The remaining two Defendants are entities located in Lancaster County, Pennsylvania. Thus, all named Defendants are located in Lancaster County, Pennsylvania.

In his amended complaint, Plaintiff alleges that his children were taken from him pursuant to an order issued by a Judge in the Lancaster County Court of Common Pleas, and that he was not permitted to take his children from the school they attended in Lancaster County. Lancaster County is located in the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(a).

The Court is permitted to raise the issue of an apparent lack of venue, *sua sponte*, provided that it gives Plaintiff notice of its concerns and an opportunity to be heard on the issue. *See Baily v. Kirsch*, No. 1:19-CV-1281, 2019 WL 3336966 at *1 (M.D. Pa. July 24, 2019) (citing *Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). All named Defendants in this case are located in the Eastern District of Pennsylvania, and all events giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania. Therefore, Plaintiff does not allege facts that would give rise to venue in the Middle District of Pennsylvania. Through the filing of this

Memorandum, the Court is placing Plaintiff on notice that he does not allege facts that would give rise to venue in the Middle District of Pennsylvania.

Section 1406(a) of Title 28 of the United States Code provides, in relevant part:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Put plainly, when it appears that a case was brought in the wrong venue, there are two potential remedies available: (1) the Court may dismiss the action for lack of venue; or (2) the Court may transfer the case to the district where it should have been brought. Furthermore, the transfer of a case from one federal district to another involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A). *Loper v. Broomall Rehab and Nursing Center*, No. 2021 WL 1737572 at *2 (M.D. Pa. May 3, 2021).

In this case, since Plaintiff is a *pro se* litigant, the interest of justice compels me to transfer this case so as to adequately protect Plaintiff's rights. Transferring this case avoids any potential prejudice that might flow from the outright dismissal of Plaintiff's case. *See Baily,* 2019 WL 3336966 at *2 (citing *Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430 (1965).

IV.     CONCLUSION

For the reasons explained herein, the Court will order that this case be transferred to the United States District Court for the Eastern District of Pennsylvania for all further proceedings.


Date: August 17, 2022                              BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge